# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JOANNA BAKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:13-CV-1521-VEH |
| | ) |
| **LOGAN'S ROADHOUSE, INC., et al,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the court is a Motion to Dismiss (Doc. 7) filed by one of the defendants in this action, Jamie Strickland ("Mr. Strickland"). The court has considered both the Motion and the attached "incorporated memorandum of law." *Id.* The plaintiff, Joanna Baker ("Ms. Baker"), did not file a response within the deadlines imposed by the court. After evaluating Mr. Strickland's arguments, the court finds that his Motion should be **GRANTED**.

## I.   Statement of the Case

Ms. Baker initiated this action on or about July 9, 2013, by filing a Complaint in the Circuit Court of Calhoun County, Alabama. *Id.* at 1. The Complaint named Logan's Roadhouse, Inc. ("Logan's") and Mr. Strickland as defendants – as well as

18 fictitious entities (collectively, the "Defendants"). Doc. 1-1 at 3-4 The Complaint alleges that the Defendants were jointly and severally liable for negligence, willfulness, and/or wantonness concerning an injury Ms. Baker suffered while she was at Logan's restaurant in Oxford, Alabama. *Id.* at 3-13. The Defendants removed the action to this court on August 16, 2013, based on diversity jurisdiction and the claim that Mr. Strickland was fraudulently joined. Doc. 1. Ms. Baker did not oppose removal. Mr. Strickland filed the present Motion on August 23, 2013. Doc. 7.

## II.    Standard of Review

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote

omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). When ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

**III.   Discussion**

Mr. Strickland's name appears only twice in Ms. Baker's Complaint: (1) as a named party in the case caption, and (2) in paragraph three as "an individual resident citizen of the State of Alabama and . . . over the age of nineteen (19) years old." He is not mentioned again in the document. As Mr. Strickland correctly observes, Ms. Baker makes no effort to justify his inclusion in this case. She does not assert *any* specific facts against him under *any* of her counts that might allow this court to reasonably infer that he might be liable for her injuries. Thus, even assuming that

every allegation made by Ms. Baker is true, the court is unable to find that she has stated a claim against Mr. Strickland that is "plausible on its face." *Twombly*, 550 U.S. at 570.

## IV. Conclusion

For these reasons, Mr. Strickland's Motion is due to be and is hereby **GRANTED**. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this the 10th day of October, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge